IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION     RECEIVED

2007 JUL 12 ᴘ 3: 27

JEFFREY M. DANIEL and           )
KIMBERLY D. DANIEL,             )
                                )
            Plaintiffs,         )
                                )
v.                              )     CIVIL ACTION NO. 2:07-CV-640-WKW
                                )
NATIONPOINT, FIRST FRANKLIN     )
FINANCIAL CORPORATION, MERRILL  )
LYNCH BANK & TRUST COMPANY,     )
BLAKE BARSAMIAN,                )
                                )
            Defendants          )
                                )

## NOTICE OF REMOVAL

Defendants First Franklin Financial Corporation ("First Franklin"), NationPoint (a division of First Franklin), and Merrill Lynch Bank & Trust Co., FSB ("MLB&T") (collectively "Defendants") show unto the Court as follows:

1.     Plaintiffs instituted this civil action in the Circuit Court of Covington County, against Defendants on or about June 5, 2007, said case being No. CV-2007-109 in said court. A true and correct copy of all process, pleadings and orders served upon Defendants First Franklin and MLB&T in said civil action is attached hereto as Exhibit A and is incorporated herein by reference. Service was effectuated on Defendant First Franklin on June 12, 2007 and on Defendant MLB&T on June 14, 2007. Plaintiffs have failed to effectively serve "NationPoint" and Blake Barsamian with process under Federal Rule of Civil Procedure 4. *See* Affidavit of Vivian Hansen, attached as Exhibit B.

2.     This action could have been filed originally in this Court pursuant to 28 U.S.C. §1332 in that there is complete diversity between Plaintiffs and Defendants and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

01512797.1

3.     Named Plaintiffs are, and were at the time of the institution of this civil action, citizens and residents of the State of Alabama.

4.     Defendant First Franklin is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware having its principal place of business in the State of California.

5.     Defendant MLB&T is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware having its principal place of business in the State of New York.

6.     NationPoint is not a legal entity.  It is simply a name for a division of First Franklin.  Accordingly, and contrary to the notation shown in the case action summary from the Covington County Circuit Clerk's office, "NationPoint" has not been served in this case.  *See* Affidavit of Vivian Hansen.

7.     Defendant Blake Barsamian was an employee of the NationPoint division of First Franklin from April 2005 until October 2005 in its Lake Forest, California office and his last known state of residence was California.  Although the case action summary from the Covington County Circuit Clerk's office shows that service has been made on Mr. Barsamian, he has not, in fact, been served with a copy of the summons and complaint.  *See* Affidavit of Vivian Hansen.

8.     As a result, none of the putative Defendants are now, nor were they at the time of the filing of the Complaint, citizens or residents of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.  As such, complete diversity exists in the action.

01512797.1

A.    **The Amount-In-Controversy Requirement Has Been Satisfied**

      a.    **Plaintiffs' Demand Letter Satisfies the Amount in Controversy Requirement.**

9.     By letter dated January 12, 2006, Plaintiffs' attorney sent a demand letter asking for $100,000 to settle Plaintiffs' claims. *See* Exhibit C.

10.    Plaintiffs clearly perceive the settlement value of this case as exceeding the $75,000 jurisdictional amount. Great weight should be given to Plaintiffs' assessment of the value of their case. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). The law is clear that the Court may consider a settlement demand in determining federal jurisdiction. *See Golden Apple Mgmt. Co., Inc. v. Geac Computers, Inc.,* 990 F.Supp. 1364, 1368 - 1369 (M.D. Ala. 1998) (holding that a settlement demand letter, after suit had been filed, demanding $105,432 and outlining specific damages triggered the thirty-day-period for removal); *accord Fairchild v. State Farm Mut. Auto. Ins. Co.,* 907 F.Supp. 969, 971 (M.D. La. 1995) (stating that a "settlement letter is valuable evidence to indicate the amount in controversy at the time of removal" and denying motion to remand notwithstanding plaintiffs' stipulation that they would not accept more than $50,000 where prior to suit plaintiffs wrote a letter seeking $110,000); *Jade East Tower Developers v. Nationwide Mut. Ins. Co.,* 936 F.Supp., 890, 892 (N.D. Fla. 1996) ("defendant may utilize information from . . . a demand letter to support removal"). Based on this settlement demand alone, it is clear that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

**b.     Plaintiffs Apparently Seek $74,999.00 Under <u>Each</u> Count in the Complaint.**

11.     Moreover, as this Court is aware, in determining whether the amount in controversy has been satisfied under a multi-count Complaint, it is proper to aggregate the damages sought under each count.  *See, Snyder v. Harris*, 394 U.S. 332, 335 (1969) ("Aggregation has been permitted . . . in cases in which a single plaintiff seeks to aggregate two or more of his claims against a single defendant"); 14A Wright, Miller & Cooper, Federal Practice and Procedure; § 3704, p. 71 (1985).

12.     In this instance, the Plaintiffs conclude Count I of their complaint by requesting "compensatory and punitive damages as a jury deems reasonable and may award together with interest and cost, not to exceed $74,999.00, exclusive of interest and costs."

13.     Under the aggregation principles set forth above, then, the Plaintiffs' several counts, each seeking $74,999.00 must be totaled, and therefore the amount in controversy requirement has been met.

**c.     Plaintiffs' Punitive Damages Demand Satisfies the Amount in Controversy Requirement.**

14.     As is reflected in the Complaint, Plaintiffs claim that the Defendants committed the torts of fraudulent suppression, fraud, and negligence.  If proved, the Plaintiffs' claims may entitle them to recover punitive damages under various standards and conditions.  Further, although Plaintiffs appear to waive any claims for damages exceeding $74,999.00 in an effort to stay below the jurisdictional amount and remain in state court, Plaintiffs do not waive a right to punitive damages.  Their complaint therefore must be taken to assert only that no <u>individual</u> Plaintiff is entitled to punitive damages in excess of $74,999.00.

15.     It is settled law that punitive damages <u>must</u> be considered in any calculation of the amount in controversy.  *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535

01512797.1

(11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered."); *Swafford v. Transit Casualty Company*, 486 F.Supp. 175, 177 (N.D. Ga. 1980) ("It is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted." citing *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 64 S.Ct. 5 (1943)).

16.     Because Plaintiffs seek punitive damages, their claims for punitive damages must be considered a common fund, which therefore must be aggregated to satisfy the jurisdictional requirement. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1358-59 (11th Cir. 1996); *see also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. Aug. 29, 1995) (holding that district court correctly aggregated multiple plaintiffs' non-specific punitive damage claims in order to satisfy amount in controversy requirement), *see generally, Zahn v. International Paper Co.*, 414 U.S. 291 (1973).

**B.      The other prerequisites for removal have been satisfied.**

17.     Service of process in this action was had on First Franklin on June 12, 2007.

18.     Pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure, this Notice of Removal is filed within thirty (30) days after service of process upon the Defendants.

19.     This suit is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

20.     The Defendants heretofore have sought no similar relief.

21.     The prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

22.     If any question arises as to the propriety of the removal of this action, First Franklin respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendants, desiring to remove this civil action to the Northern Division of the United States District Court for the Middle District of Alabama, being the district and division for the county in which such civil action is pending, pray that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiffs, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Covington County, Alabama, shall effect the removal of said civil action to this Honorable Court.

                                                         _____
                                                         Bradley B. Rounsaville
                                                         Attorney for Defendants
                                                         NationPoint, First Franklin Financial
                                                         Corporation, and Merrill Lynch Bank &
                                                         Trust Co., FSB

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
Suite 2400, AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

01512797.1

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and first class postage pre-paid on this the 12 of July, 2007.

Benjamin M. Bowden
ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

_____
OF COUNSEL

01512797.1

COPY

| State of Alabama<br>Unified Judicial System<br><br>Form C-34     Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-07 - *109* |
|---|---|---|

IN THE <u>CIRCUIT</u> COURT OF <u>COVINGTON</u> COUNTY

Plaintiff <u>Jeffery Daniel and</u> v. Defendant<u>Nationpoint, First Franklin</u>
<u>Kimberly Daniel</u> <u>Financial Corp, et al</u>

NOTICE TO <u>First Franklin Financial Corp. 2150 North First St. Suite 600  San Jose,</u>
<u>CA. 95131</u>
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY <u>Benjamin M. Bowden</u> WHOSE
ADDRESS IS <u>P.O Box 880 Andalusia, AL 36420</u>

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN <u>30</u> DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____
pursuant to the Alabama Rules of Civil Procedure.

Date <u>6/5/07</u>   *Regina A. Powell* By: *LS*
                                      Clerk/Register

☒ Certified Mail is hereby requested.   *B.M. Bowden*
                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____.
                                                                    (Date)
☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____
Alabama on _____   County,
            (Date)

RECEIVED
JUN 1 3 2007
By_____

Date _____   Server's Signature _____

Address of Server _____   Type of Process Server _____

FILED IN OFFICE
JUN 5 2007
*[signature]*
CLERK

DEFENDANT'S
EXHIBIT
**A**

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | | |
|---|---|---|
| JEFFERY M. DANIEL and<br>KIMBERLY D. DANIEL, | ) | |
| | ) | |
| VS. | ) | CV-07- *109* |
| | ) | |
| NATIONPOINT, FIRST | ) | |
| FRANKLIN FINANCIAL | ) | |
| CORPORATION, MERRILL | ) | |
| LYNCH BANK & TRUST | ) | |
| COMPANY, BLAKE | ) | |
| BARSAMIAN and Fictitious | ) | |
| Defendants, A, B, C, D, and E, | ) | |
| whether singular or plural, those | ) | |
| other persons, corporations, | ) | |
| firms, or other entities whose | ) | |
| wrongful conduct caused injuries | ) | |
| and damages to the Plaintiffs, all | ) | |
| of whose true and correct names | ) | |
| are unknown to the Plaintiff at | ) | |
| this time, but will be substituted | ) | |
| by Amendment when ascertained, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

## STATEMENT OF THE PARTIES

1.  Plaintiffs Jeffery M. Daniel and Kimberly D. Daniel (hereinafter referred to as "the Daniels" or the "Plaintiffs") are individuals over the age of nineteen (19) years and residents of Covington County, Alabama.

2.  Defendant Nationpoint (hereinafter referred to as "Nationpoint" of included in the term "Defendants") is a direct to consumer mortgage lender based in Lake Forest, California. Defendant Nationpoint's form of business organization is unknown to the Plaintiffs. However, it is believed that Nationpoint is a division of Defendant First Franklin Financial Corporation.

3.  Defendant First Franklin Financial Corporation (hereinafter referred to as "First Franklin" or included in the term "Defendants") is believed to be a corporation with its headquarters in San Jose, California. It is believed that Defendant First Franklin is a subsidiary of Defendant Merrill Lynch Bank & Trust Company, FSB.

4.  Defendant Merrill Lynch Bank & Trust Company, FSB (hereinafter referred to as

FILED IN OFFICE
JUN 5 2007
*Ron A Bowman*
CLERK

"Merrill Lynch" or included in the term "Defendants") is a Federal Savings Bank located in New York City, New York.

5. Defendant Blake Barsamian (hereinafter referred to as "Barsamian" or included in the term "Defendants") is an individual over the age of nineteen (19) years. At the time of the transactions at issue in this case, Defendant Barsamian was an employee, agent, or servant of Defendant Nationpoint. His residence is unknown at this time.

6. Fictitious Defendants A, B, C, D, and E, whether singular or plural are those other person, firms, corporations or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damages to the Plaintiffs, all whose true and correct names are unknown to the Plaintiffs but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

7. The Plaintiffs are a married couple who reside in Covington County, Alabama. In June of 2005, the Plaintiffs, primarily Mrs. Daniel, began to negotiate with Defendant Barsamian, an employee of Defendant Nationpoint, for a loan to purchase the home they were currently renting.

8. After a series of discussion, Defendant Barsamian notified the Plaintiffs on June 7, 2005, that their loan had been approved. Of particular importance to the Plaintiffs was the term of the loan that allowed them to receive 100% financing for the purchase of the home

9. The Plaintiffs complied with all requirements and conditions to receive the loan, including providing an appraisal of the subject property.

10. The day for closing was set and the Honorable Willis Wayne Bush was retained as the closing attorney.

11. On June 29, 2005, after being assured in writing and verbally that Nationpoint would support 100% financing for the purchase, the Plaintiffs were notified by Defendant Barsamian that because the property was zoned and deemed rural (there is no zoning in Covington County), Nationpoint further required a ten percent (10%) down-payment for the $58,000,00 purchase price.

12. This was the first time that the Plaintiffs were ever informed that so-called "rural" properties were ineligible for 100% financing.

13. The Plaintiffs were unable to acquire the 10% down-payment and the closing did not take place as scheduled.

14. Because of fear of losing the home they had been renting for some time, the Plaintiffs were required to obtain financing elsewhere at a rate less favorable than they had previously negotiated with the Defendants.

FILED IN OFFICE

JUN 5 2007

CLERK

15. At all time relevant to this Complaint, Defendant Barsamian was working as the agent for Defendant Nationpoint. Furthermore, at all times relative to this Complaint, Defendant Barsamian and Nationpoint were working as the agents of Defendant First Franklin Financial Corporation and/or Defendant Merrill Lynch Bank & Trust Company, FSB.

## COUNT I - FRAUDULENT SUPPRESSION

16. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

17. The Defendants entered into an agreement with the Plaintiffs to finance their purchase of a home. A key term of the agreement was the Defendants' promise to finance 100% of the purchase price of the home.

18. The Defendants are in the business of making such loans and possess superior knowledge and bargaining power concerning the terms of transactions like the one at issue in this case.

19. Based on the confidential relationship between the parties and/or the special circumstances surrounding this loan, the Defendants had a duty to disclose all material facts related to the transaction.

20. The Defendants failed to disclose to the Plaintiffs that they would not honor an agreement to finance 100% of the Plaintiffs' purchase if the subject home was located in a rural area.

21. The Plaintiffs, unaware of the Defendants' true intentions, proceeded to close on the loan being offered by the Defendants. In doing so, the Plaintiffs selected a closing attorney, obtained an appraisal of the property and passed on other opportunities to obtain 100% financing from other lenders.

22. The Defendants encouraged the Plaintiffs to proceed with the loan and by word and deed, suggested to the Plaintiffs they would loan the Plaintiffs 100% of the necessary funds to purchase the home.

23. The day before closing, the Defendants informed the Plaintiffs that they would not loan the money to the Plaintiffs they had promised because the home was located in a rural area. The loan closing was cancelled and as a proximate result of said fraud, the Plaintiffs were forced to seek financing elsewhere on less favorable terms.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award together with interest and cost, not to exceed $74,999.00, exclusive of interest and costs.

FILED IN OFFICE

JUN 5 2007

CLERK

## COUNT II - FRAUD

24. The Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

25. The Defendants represented to the Plaintiffs that the Defendants would provide 100% of the financing needed for the Plaintiffs to purchase their home.

26. Said representations were false in that the Defendants expected and required the Plaintiffs to pay 10% of the purchase price as a down-payment.

27. The Defendants knew that the aforementioned representations were false or were false and the Defendants, without knowledge of the true facts, recklessly misrepresented the facts; or the representations were false and were made by Defendants by mistake, but with the intention that the Plaintiffs should rely on them.

28. The Plaintiffs believed the said representations and relied on them and acted upon them by choosing to do business with the Defendants, proceeding with the necessary acts to close the loan, and foregoing the opportunity to negotiate a similar loan from other lenders.

29. As a proximate result of said fraud, the Plaintiffs were forced to obtain financing from another lender on less favorable terms than originally agreed upon with the Defendants.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award together with interest and cost, not to exceed $74,999.00, exclusive of interest and costs.

## COUNT III - BREACH OF CONTRACT

30. The Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

31. The Plaintiffs and Defendants entered into a loan agreement whereby the Defendants agreed to loan the Plaintiffs 100% of the money necessary to purchase their home.

32. The Defendants breached the aforementioned agreement by refusing to loan the Plaintiffs the money as agreed.

33. As a proximate cause of the breach of this agreement, the Plaintiffs were forced to obtain financing on less favorable terms from another lender.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages to include incidental and consequential damages, as a jury deems reasonable and may award together with interest and cost, not to exceed $74,999.00, exclusive of interest and costs.

FILED IN OFFICE

JUN  5 2007

CLERK

## COUNT IV - NEGLIGENCE

34. The Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

35. The Defendants solicited the Plaintiffs to borrow money from them for the purchase of a home.

36. The Plaintiffs entered into an agreement with the Defendants to borrow the funds necessary to purchase the home.

37. The Defendants promised to loan the Plaintiffs 100% of the necessary funds to purchase the home.

38. The Defendants had a duty to obtain the loan in a commercially reasonable fashion and consistent with their representations to the Defendants.

39. The Defendants breached that duty by failing to procure the loan upon the terms agreed-upon and promised to the Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury deems reasonable and may award together with interest and cost, not to exceed $74,999.00, exclusive of interest and costs.

Respectfully submitted,

Benjamin M. Bowden (BOW035)
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

## PLAINTIFFS RESPECTFULLY REQUEST TRIAL BY JURY OF THIS CAUSE

By:

Benjamin M. Bowden (BOW035)

FILED IN OFFICE

JUN 5 2007

CLERK

Plaintiffs hereby request that the Circuit Clerk serve the foregoing upon the following by Certified Mail in accordance with Alabama Rules of Civil Procedure:

Nationpoint
25530 Commercentre Drive
Lake Forest, California 92630

First Franklin Financial Corporation
2150 North First Street, Suite 600
San Jose, California 95131

Blake Barsamian
25530 Commercentre Drive
Lake Forest, California 92630

Merrill Lynch Bank & Trust Company, FSB
Two World Financial Center
New York, New York 10022

FILED IN OFFICE

JUN 5 2007

CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

JEFFERY M. DANIEL and ) 
KIMBERLY D. DANIEL, )
 )
VS. )     CV–07- *109*
 )
NATIONPOINT, FIRST )
FRANKLIN FINANCIAL )
CORPORATION, MERRILL )
LYNCH BANK & TRUST )
COMPANY, BLAKE )
BARSAMIAN, et al., )
 )
     DEFENDANTS. )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FIRST FRANKLIN FINANCIAL CORPORATION

## INTERROGATORIES

Pursuant to Rule 33 of the Alabama Rules of Civil Procedure, the Plaintiff propounds the following Interrogatories to be answered by the Defendant in the manner and form prescribed by law:

1. Please state the name, address and position of the person answering these Interrogatories.

2. Please state the name address and position of each person who has knowledge of any matters relevant to the allegations made in Plaintiffs' Complaint. Please indicate in your answer whether each individual is still employed with your business or not.

3. Please describe in detail any conversation you or a representative of your company have had with either of the Plaintiffs relevant to the allegations contained in the Complaint.

4. Have any lawsuits been filed against you in the last five (5) years in any Court in the United States alleging fraudulent behavior related to your loan practices? If so, please state the following for each suit:

     a. The Court in which the suit was filed;

     b. The name of the Plaintiff or Plaintiffs;

     c. The case number;

FILED IN OFFICE

JUN 5 2007

*Reed N Freeman*
CLERK

d. Name, address and telephone number of Plaintiff(s) attorney; and

e. Outcome of the suit.

5. Have you been reprimanded or fined by any governmental agency related to fraudulent loan practices in the last five (5) years? If so, please list the government entity, case number, and result of the Complaint.

6. Is there any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered against you in the action or to indemnify or reimburse you for payments made to satisfy any judgment entered in this action? If so, please state the insurance business that issued the policy and the available dollar limits and coverage for this matter.

7. Please describe in detail your business relationship with the other Defendants named in this matter.

8. Do you understand that these Interrogatories are continuing in nature and that you are required to supplement the same with new information as it becomes available.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Come now the Plaintiffs, by and through counsel, and hereby propound the following Request for Production of Documents to Defendant Nationpoint, to be answered in the time and manner required by law. Please provide copies of the following:

1. Any documents, records or other materials relating to the transaction at issue in this case.

2. Any correspondence, letters, memos, faxes, messages, and/or e-mails related in any way to the transaction at issue in this case.

3. Any correspondence between you and any other Defendant related in any way to the transaction at issue in this case.

4. Any photos, audio recordings or video recordings relevant to the allegations in this case or defenses to the same.

5. Any Complaints filed in Civil Court anywhere in the United States in the last five (5) years alleging fraudulent lending practices.

6. Any administrative claims or complaints made to any governmental agency in the last five (5) years alleging fraudulent lending practices.

7. Any records which are relevant to the allegations contained in this Complaint and any

defenses raised to these allegations not previously covered above.

Respectfully submitted,

Benjamin M. Bowden (BOW035)
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

**PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO BE SERVED WITH COMPLAINT**

FILED IN OFFICE

JUN  5 2007

CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF ALABAMA

## NORTHERN DIVISION

| | |
|---|---|
| JEFFREY M. DANIEL and<br>KIMBERLY D. DANIEL,<br><br>        **Plaintiffs,**<br><br>**v.**<br><br>NATIONPOINT, FIRST FRANKLIN<br>FINANCIAL CORPORATION, MERRILL<br>LYNCH BANK & TRUST COMPANY,<br>BLAKE BARSAMIAN,<br><br>        **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO. ___2:07-cv-640 WKW___ |

## AFFIDAVIT OF VIVIAN HANSEN

STATE OF CALIFORNIA  )
                            )
COUNTY OF ORANGE    )

       Before me, a Notary Public, personally appeared the undersigned, Vivian Hansen, who being first duly sworn deposed and said on oath as follows:

       1.    My name is Vivian Hansen. I am over the age of nineteen (19) and make this affidavit based on my personal knowledge and/or after reviewing records, reports and other data compilations.

       2.    I am employed by First Franklin Financial Corporation ("First Franklin") as a Litigation Manager.  My job duties include, but are not limited to monitoring all litigation cases.

       3.    First Franklin has a division entitled "NationPoint." NationPoint has no separate existence other than as a name for a division of First Franklin; it is not a corporation or any other

1



formal business entity, has no tax identification number and is not registered with any agent for service of process.

4.    Based on other documents with which I have been provided that are part of the Court's file in this matter, it is my understanding that service of the summons and complaint in this case was attempted on "NationPoint" by sending the summons and complaint by certified mail, return receipt requested to the offices of NationPoint in California.

5.    It is also my understanding that service of the summons and complaint in this case was attempted on Mr. Blake Barsamian by sending the summons and complaint by certified mail, return receipt requested to the offices of NationPoint in California.

6.    Jaynita Young signed the return receipt for both pieces of certified mail sent to the offices of NationPoint.  However, Ms. Young is not an authorized agent to receive service of process on behalf of NationPoint (as NationPoint is not a legal entity), nor is she an authorized agent to receive service of process on behalf of Mr. Barsamian.  She simply signed the return receipts in order to receive what appeared to be routine mail that was addressed to the offices of NationPoint.

7.    Mr. Barsamian ceased employment with NationPoint in October 2005, almost two years prior to the attempted service of process.  We have not attempted to locate Mr. Barsamian in order to deliver to him the summons and complaint, and on information and belief, he has not been notified of the summons and complaint.

_____
Vivian Hansen

01471826.1

Sworn to and subscribed before me on this the ⸺11ᵗʰ⸺ of July, 2007.

JESSICA L. PALOMBI
Commission # 1519724
Notary Public - California
Alameda County
My Comm. Expires Oct 16, 2008

⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺
Notary Public

My Commission Expires: Oct. 16, 2008

01471826.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following by U.S. Mail, First Class postage pre-paid and properly addressed:

Benjamin M. Bowden
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, AL  36420

_____
OF COUNSEL

4

01471826.1

DEFENDANT'S
EXHIBIT
C

### ALBRITTONS, CLIFTON, ALVERSON, MOODY & BOWDEN, P.C.

ATTORNEYS AT LAW
109 OPP AVENUE
P.O. DRAWER 880
ANDALUSIA, ALABAMA 26420-0880

JAMES R. CLIFTON
WILLIAM B. ALVERSON, JR.
THOMAS B. ALBRITTON
JULIE S. MOODY
BENJAMIN M. BOWDEN

January 12, 2006

TELEPHONE (334) 222-3177
TELECOPIER (334) 222-2696
www.albrittons.com

Mr. Blake Barsamian
NationPoint
25530 Commercentre Drive
Lake Forest, California 92630

RECEIVED JAN 3 1 2006

RE: Jeff and Kim Daniel

Dear Mr. Barsamian:

My name is Ben Bowden and I am an attorney in Andalusia, Alabama. I have been retained by Jeff and Kim Daniel to assist them in pursuing a claim against NationPoint regarding their attempts last summer to obtain financing for the purchase of their home. Please allow me to explain.

During June and July of 2005, you agreed on behalf of NationPoint to loan the Daniels approximately $58,000.00 to purchase a home. According to the paperwork I have seen, they were approved for 100% financing for this purchase. However, at closing, NationPoint refused to proceed with the loan. Later on, Kim received an e-mail from you stating that because the property was deemed "rural," NationPoint required a 10% down payment.

This decision by NationPoint has caused significant financial problems for the Daniels, not to mention the embarrassment of going to the closing attorney's office only to find out that their financing had been withdrawn. Fortunately, the Daniels were able to find financing for their home from another lender. However, because of the circumstances, they were unable to obtain terms that were as favorable as the ones offered by NationPoint. In fact, the Daniels will now pay a little over $50,000.00 over the term of the loan more than they would have paid if NationPoint had not withdrawn its financing.

The Daniels feel that they were damaged by your actions. I also believe that under Alabama law they can maintain a claim against NationPoint for the additional cost in securing another loan from a different lender. I also believe that a claim could be maintained for mental anguish, and depending on the circumstances, punitive damages.

The Daniels are willing to settle this matter out-of-court for a prompt payment of $100,000.00.

ED T. ALBRITTON, LAWYER (1887-1903)
ALBRITTON & ALBRITTON (1903-1905)
POWELL, ALBRITTON, & ALBRITTON (1905-1925)
POWELL & ALBRITTON (1925-1929)

POWELL, ALBRITTON, & ALBRITTON (1929-1952)
ALBRITTON & RANKIN (1952-1976)
ALBRITTON & GIVHAN (1976-1986)

ALBRITTONS, GIVHAN, & CLIFTON (1986-1992)
ALBRITTONS, GIVHAN, CLIFTON, & ALVERSON (1992-1996)
ALBRITTONS, CLIFTON, & ALVERSON, P.C. (1996-1998)
ALBRITTONS, CLIFTON, ALVERSON & MOODY, P.C. (1998-2000)

Please share this correspondence with the appropriate officials in your company and have someone contact me immediately about NationPoint's position. If I have not heard from you within thirty (30) days of the date of this letter, I will assume that you are not interested in settling the matter out-of-court and will advise my client of further options available to them.

Sincerely,

Benjamin M. Bowden

BMB/tb

cc: Jeff and Kim Daniel