IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY M. DANIEL and<br>KIMBERLY D. DANIEL,<br><br>      Plaintiffs,<br><br>v.<br><br>NATIONPOINT, FIRST FRANKLIN<br>FINANCIAL CORPORATION, MERRILL<br>LYNCH BANK & TRUST COMPANY,<br>BLAKE BARSAMIAN,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 2:07-CV-00640-<br>)  WKW-WC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT FIRST FRANKLIN CORPORATION

COMES NOW Defendant First Franklin Financial Corporation ("First Franklin") and by its counsel, files this Answer to the Complaint (the "Complaint") filed on behalf of Jeffrey M. Daniel and Kimberly D. Daniel (the "Plaintiffs"):

### STATEMENT OF THE PARTIES

1. First Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint.

2. First Franklin admits that NationPoint is a division of First Franklin, that NationPoint engages in direct to consumer mortgage lending, and that NationPoint's offices are in Lake Forest, California. First Franklin states that NationPoint is not a legal entity. First Franklin denies the remaining allegations, if any, contained in this paragraph of the complaint.

3. Admitted.

4. Admitted.

01512865.1

5. First Franklin admits that Blake Barsamian is over the age of nineteen (19) years and at the time of the transactions at issue, was an employee of NationPoint, a division of First Franklin. The remaining allegations contained in this paragraph of the complaint are denied.

6. The allegations contained in this paragraph of the complaint are directed at fictitious defendants and not First Franklin, and therefore no response is necessary.

## STATEMENT OF THE FACTS

7. Admitted.

8. First Franklin admits that on June 9, 2005, First Franklin sent Plaintiffs the conditional loan approval letter attached as Exhibit A. The letter sets forth that the combined financing amount would be $58,000 and that the approval was subject to several conditions referenced in the letter. The remaining allegations contained in this paragraph of the complaint are denied.

9. Denied.

10. First Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint.

11. First Franklin admits that as soon as First Franklin discovered that the property was rural, it advised Plaintiffs that a 10% down payment would be required. The remaining allegations contained in this paragraph of the complaint are denied.

12. Denied.

13. First Franklin admits that the subject loan was not closed. The remaining allegations contained in this paragraph of the complaint are denied.

14. First Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint.

15. First Franklin admits that Mr. Barsamian was an employee of the NationPoint division of First Franklin from April 2005 until October 2005 in its Lake Forest, California office. First Franklin admits that NationPoint is a division of First Franklin. The remaining allegations contained in this paragraph of the complaint are denied.

## COUNT I - FRAUDULENT SUPPRESSION

16. First Franklin restates and incorporates in full its responses to paragraphs 1 through 15.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## COUNT II - FRAUD

24. First Franklin restates and incorporates in full its responses to paragraphs 1 through 23.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

01512865.1

## COUNT III - BREACH OF CONTRACT

30. First Franklin restates and incorporates in full its responses to paragraphs 1 through 29.

31. Denied.

32. Denied.

33. Denied.

## COUNT IV - NEGLIGENCE

34. First Franklin restates and incorporates in full its responses to paragraphs 1 through 33.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

First Franklin denies that Plaintiffs are entitled to any of the relief requested in their prayers for relief.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim against First Franklin upon which relief can be granted.

### Second Defense

Unless expressly admitted herein, First Franklin denies the material allegations of the Complaint and demands strict proof thereof.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by laches.

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### Fifth Defense

Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

### Sixth Defense

Plaintiffs' claims are barred, in whole or in part, by the parol evidence rule.

### Seventh Defense

Plaintiffs' claims fail, in whole or in part, because Plaintiff failed to mitigate damages.

### Eighth Defense

Plaintiffs' claims in this action are barred by the doctrines of *res judicata*, accord and satisfaction, release, and collateral estoppel.

### Ninth Defense

First Franklin avers that Plaintiffs' claims are barred, in whole or in part, by assumption of risk, payment, waiver, contributory negligence, failure to read, ratification, and/or estoppel.

### Tenth Defense

To the extent Plaintiffs seek to recover punitive damages from First Franklin, First Franklin denies that it has been guilty of any conduct that warrants the issue of punitive damages being submitted to a jury or that allow Plaintiffs to recover punitive damages.

### Eleventh Defense

To the extent Plaintiffs seek to recover punitive damages from First Franklin, First Franklin cannot be held liable for punitive damages for intentional wrongful conduct or conduct

01512865.1

involving malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27 (1993).

### Twelfth Defense

Plaintiffs' claims, if any, for the recovery of punitive damages are barred by Ala. Code § 6-11-20, *et. seq.*

### Thirteenth Defense

To the extent Plaintiffs seek to recover punitive damages from First Franklin, old Ala. Code § 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that it exceeds the amount of $250,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

### Fourteenth Defense

To the extent Plaintiffs seek to recover punitive damages from First Franklin, new Ala. Code § 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that those claims exceed the greater of three times Plaintiffs' compensatory damages or $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The public policy of this State, as established by Ala. Code § 6-11-21 limits the claims for punitive damages in this case. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

**Fifteenth Defense**

To the extent Plaintiffs seek to recover punitive damages from First Franklin, Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law would violate First Franklin's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

**Sixteenth Defense**

To the extent Plaintiffs seek to recover punitive damages from First Franklin, Plaintiffs' claims for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award; (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate First Franklin's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

### Seventeenth Defense

To the extent Plaintiffs seek to recover punitive damages from First Franklin, Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate First Franklin's substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

### Eighteenth Defense

To the extent Plaintiffs seek to recover punitive damages from First Franklin, any award of punitive damages in this case would violate First Franklin's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the Contract Clause of Article Two of the United States Constitution, the Equal Protection Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, Article One, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce, the constitutional prohibition against vague and overbroad laws, and the prohibition against ex post facto laws in Article I, Section 22 of the Alabama Constitution.

### Nineteenth Defense

To the extent Plaintiffs seek to recover punitive damages from First Franklin, First Franklin specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards articulated by the United States Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), and the application thereof in *BMW of*

*North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997); and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### Twentieth Defense

An award of punitive damages in the circumstances of this case would clearly be violative of First Franklin's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article I, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein:

(a) There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of First Franklin's conduct and/or the compensatory damages award.

(b) No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

(c) An award of punitive damages in this case would be penal in nature and thus, would be violative of First Franklin's constitutional are granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

(d) The award of punitive damages on the basis of vicarious liability of the conduct of others violates First Franklin's constitutional rights.

### Twenty-First Defense

To the extent Plaintiffs seek to recover punitive damages from First Franklin, the imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and

irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to First Franklin's alleged conduct in this matter or to any alleged harm to Plaintiffs and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, § 15.

### Twenty-Second Defense

To the extent Plaintiffs seek to recover punitive damages from First Franklin, without the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### Twenty-Third Defense

To the extent Plaintiffs seek to recover punitive damages from First Franklin, Plaintiffs' claim for punitive damages against First Franklin cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated in the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

### Twenty-Fourth Defense

To the extent Plaintiffs seek to recover punitive damages from First Franklin, any award of punitive damages based on anything other than First Franklin's conduct, if any, in connection with the specific services that are the subject of this case, as opposed to conduct outside the State

of Alabama, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the Alabama Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because any judgment for damages in this case cannot protect First Franklin's against impermissible multiple punishment for the same wrong. *See Gore v. BMW of North America, Inc.*, 116 S.Ct. 1509 (1996).

### Twenty-Fifth Defense

The procedures pursuant to which punitive damages are awarded subject First Franklin to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1 and 6 of the Alabama Constitution.

### Twenty-Sixth Defense

The procedures pursuant to which punitive damages are awarded expose First Franklin to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by its conduct, creating a chilling effect on First Franklin's exercise of its right to a judicial resolution of this dispute.

### Twenty-Seventh Defense

Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from First Franklin without due process, to the extent that Plaintiffs seek to punish First Franklin for an injury inflicted upon nonparties to this litigation (e.g., victims whom the Plaintiffs do not represent). "[T] Constitution's Due process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who

are, essentially, strangers to the litigation." *Phillip Morris v. Williams*, 127 S. Ct. 1057, 1063 (2007). The Due Process Clause prohibits punishment of First Franklin based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id.*

### Twenty-Eighth Defense

Any award of punitive damages to Plaintiffs in this case based on injuries to nonparties is prohibited by the Due Process Clause's requirement that First Franklin be given "an opportunity to present every available defense" to such claims by non-parties. *Phillip Morris v. Williams*, 127 S. Ct. 1057, 1063 (2007) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

### Twenty-Ninth Defense

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards to "cabin the jury's discretionary authority." Thus, the punitive damage system in this State deprives First Franklin of "fair notice...of the severity of the penalty that [could be] impose[d]," and subjects First Franklin to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decisionmaker's caprice." *Phillip Morris v. Williams*, 127 S.Ct. 1057, 1062 (2007) (citations omitted).

### Thirtieth Defense

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages. Thus, the State's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects First Franklin to arbitrariness and inadequate notice. "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries

01512865.1

of proper legal guidance." *Phillip Morris v. Williams*, 127 S.Ct. 1057, 1059 (2007) (citations omitted).

### Thirty-First Defense

Plaintiffs' claims for punitive damages against First Franklin cannot be sustained, because an award of punitive damages based on anything other than First Franklin's conduct toward actual parties imposes "one State's (or one jury's) 'policy choice' upon 'neighboring states' with different public policies," in violation of the Due Process Clause of the United States Constitution. *Phillip Morris v. Williams*, 127 S.Ct. 1057, 1059 (2007) (quoting *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996)).

### Thirty-Second Defense

First Franklin reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action.

 

/s/ B. _____
Bradley B. Rounsaville
Attorney for Defendant
First Franklin Financial Corporation

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
Suite 2400, AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

01512865.1

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and first class postage pre-paid on this the 19th of July, 2007.

Benjamin M. Bowden
ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

*B.* ―――――
_____
OF COUNSEL

# EXHIBIT A



06/09/2005

JEFFERY DANIEL
14444 John J Kelley Road
Florala, AL 36442

In Regard to: Loan Number   4000380846

Thank you for submitting your loan request. We are pleased to notify you of your conditional loan approval for financing.

| | |
|---|---|
| First Mortgage | $ 46,400.00 |
| Second Mortgage | $ 11,600.00 |
| Combined Financing | $ 58,000.00 |

Your approval is subject to the satisfactory review and approval of the conditions listed below.

**Please remit the following conditions at your earliest convenience:**

Hazard Insurance in amount of full loan or replacement value of home

Current paystubs (within 30 days of closing) to support qualifying income

Legible 2004 W2 to support qualifying income

The following conditions are crucial to your loan approval and must be received prior to issuing loan documents:

Purchase contract signed by all parties

We look forward to providing you with solutions to your loan needs. If you have any questions, please call 800-770-4277 ext. 7113

Thank you,

*[signature]*

Kerry Kelly
Underwriter

If you have any questions, please call Blake Barsamian at (800) 770-4277 ext.7113.

NationPoint
25530 COMMERCENTRE DR.
LAKE FOREST, CA 92630

Offer Expires:   08/01/2005

This conditional approval is subject to the review of the conditions listed above and any other documentation requested by the Lender. Property appraisal must meet lender requirements and may be subject to review. After expiration of offer a new credit report must be run and loan is subject to a full re-underwrite and new documentation.
"Rates and programs are subject to change, approval is subject to program availability in your state at time of acceptance."