IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY M. DANIEL and<br>KIMBERLY D. DANIEL,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONPOINT, FIRST FRANKLIN<br>FINANCIAL CORPORATION, MERRILL<br>LYNCH BANK & TRUST COMPANY,<br>BLAKE BARSAMIAN,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:07-CV-00640-<br>) WKW-WC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO QUASH SERVICE AND TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION ON BEHALF OF PUTATIVE DEFENDANT "NATIONPOINT"

Comes now Defendant, "NationPoint", appearing specially for the purpose of contesting this Court's jurisdiction, and without waiving any of its jurisdictional objections, moves this honorable Court, pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Proceeding, to quash the purported service of the summons and complaint and to dismiss all claims against "NationPoint" for insufficient service of process and lack of personal jurisdiction. In support of this Motion, "NationPoint" states the following:

### INTRODUCTION

"NationPoint" is not a legal entity and has not been served in this matter. "NationPoint" is simply a name for a division of First Franklin Financial Corporation (a defendant that has been served and has filed an answer to Plaintiffs' Complaint). Accordingly, "NationPoint" is incapable of being sued and is unable to enter an appearance in this matter. To the extent an appearance is required by this Court, the undersigned counsel are appearing specially on behalf "NationPoint" in order to submit this motion. For the reasons stated herein,

01512865.1

"NationPoint" is due to be dismissed from this matter pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiffs commenced this action on June 5, 2007 in the Circuit Court of Covington County, Alabama against Defendants First Franklin Financial Corporation, Merrill Lynch Bank & Trust, FSB, Blake Barsamian, and purportedly against "NationPoint." On that same day, the Clerk of the Circuit Court of Covington County issued summons to all defendants named by Plaintiffs in the Complaint. The Clerk sent the summons and complaint by certified mail, return receipt requested to the offices of NationPoint in California. On June 26, 2007, the Clerk entered a notation on the case action summary showing that service of the summons and complaint had been made on "NationPoint" on June 11, 2007.

NationPoint, however, has no separate existence other than as a name for a division of First Franklin; it is not a corporation or any other formal business entity, has no tax identification number and is not registered with any agent for service of process. *See* Affidavit of Vivian Hansen at ¶ 3 (a copy of which is attached as Exhibit A). Plaintiffs appear to recognize that NationPoint is a division of First Franklin in paragraph 2 of the Complaint.

Jaynita Young signed the return receipt for the certified mail sent to the offices of NationPoint. However, Ms. Young is not an authorized agent to receive service of process on behalf of NationPoint (as NationPoint is not a legal entity). She simply signed the return receipt in order to receive what appeared to be routine mail that was addressed to the offices of NationPoint. *Id.* at ¶ 6.

I.  **"NATIONPOINT" HAS NOT BEEN SERVED AND CANNOT BE SERVED IN THIS ACTION.**

When sufficiency of service of process is challenged, the party on whose behalf service was made bears the burden of establishing the validity of service. *Aetna Business Credit, Inc. v.*

- 2 -

01512865.1

*Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. January 27, 1981).[1] Accordingly, Plaintiffs here bear the burden of proving that process was served upon "NationPoint" in a manner consistent with the requirements of Rule 4. Plaintiffs cannot satisfy this burden because NationPoint is not a legal entity capable of being served and made a defendant in this action.

The Eleventh Circuit has repeatedly upheld dismissal of a complaint when the plaintiff fails to meet the requirements of Rule 4 for service of process. *See, e.g., Anderson v. Osh Kosh B'Gosh*, 2006 WL 940660, *2-*4 (11th Cir. April 12, 2006) (affirming dismissal of complaint as to two defendants who were not timely served); *Abele v. Hernando County*, 2005 WL 3501869, *2 (11th Cir. Dec. 23, 2005) (affirming dismissal of complaint when plaintiff failed to effect timely service of process); *Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 465-66 (5th Cir. 1971) (affirming dismissal of action when service was not made by permissible method under Rule 4 or Georgia law). As Plaintiffs here cannot show that they have effected service on "NationPoint," their complaint as against "NationPoint" is due to be dismissed.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER "NATIONPOINT"

The very concept of personal jurisdiction presupposes the existence of an entity—a living, breathing person, a corporation, or some other entity that is legally recognized as having the capacity to sue or be sued—over which jurisdiction may be exercised. Concerning "NationPoint," there simply is no such entity. As detailed above, and in the Affidavit of Vivian Hansen, "NationPoint" is nothing more than a name for a division of First Franklin Financial Corporation.

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered before October 1, 1981.

Given the fact that "NationPoint" is nothing more than a name, it would be pointless to plod through the various analyses applicable to the issue of personal jurisdiction since personal jurisdiction cannot be exercised over a non-existent legal entity.[2] Courts in similar cases have simply recognized this fact as dispositive and moved on to other issues. *See e.g., Borschow Hosp. and Medical Supplies, Inc. v. Burdick-Siemens Corp.*, 143 F.R.D. 468, 470-71 (D.Puerto Rico 1992) (holding that "service and personal jurisdiction would be lacking for the mere existential reason that Burdick had ceased to exist"); *see also Rivera v. American Home Products*, 218 F.Supp. 2d 121 (D.Puerto Rico 2002). Accordingly, the Complaint as against "NationPoint" should be dismissed for lack of personal jurisdiction.

## CONCLUSION

For the reasons set forth above, counsel submits that "NationPoint" should be dismissed from this action.

                              B.
                              Bradley B. Rounsaville
                              Attorney for "NationPoint"

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
Suite 2400, AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

---

[2] Briefly, the legal standard and analyses applicable to the issue of personal jurisdiction are as follows: The plaintiff has the burden of establishing that personal jurisdiction comports with the forum state's long-arm provision, and with the requirements of the Due Process Clause of the 14th Amendment. *Williams Electric Company v. Honeywell, Inc.*, 854 F.2d 389, 391 (11th Cir. 1988). Subsumed within the Due Process prong are various analyses such as whether the defendant had certain minimum contacts with the forum state, whether the defendant should have reasonably anticipated that he would be sued in the forum state, and whether exercising personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice. *See International Shoe v. Washington*, 326 U.S. 310 (1945); *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534 (11th Cir. 1993). Suffice it to say that these analyses are rendered meaningless where there is no legally recognized defendant over which personal jurisdiction is sought to be established. Certainly, the Plaintiff cannot satisfy its burden of establishing personal jurisdiction over a non-existent legal entity.

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and first class postage pre-paid on this the 19th of July, 2007.

Benjamin M. Bowden
ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

B. _____
OF COUNSEL

01512865.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| JEFFREY M. DANIEL and KIMBERLY D. DANIEL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NATIONPOINT, FIRST FRANKLIN )<br>FINANCIAL CORPORATION, MERRILL )<br>LYNCH BANK & TRUST COMPANY, )<br>BLAKE BARSAMIAN, )<br>)<br>Defendants )<br>) | CIVIL ACTION NO. _____ |

AFFIDAVIT OF VIVIAN HANSEN

STATE OF CALIFORNIA )
)
COUNTY OF ORANGE )

Before me, a Notary Public, personally appeared the undersigned, Vivian Hansen, who being first duly sworn deposed and said on oath as follows:

1. My name is Vivian Hansen. I am over the age of nineteen (19) and make this affidavit based on my personal knowledge and/or after reviewing records, reports and other data compilations.

2. I am employed by First Franklin Financial Corporation ("First Franklin") as a Litigation Manager. My job duties include, but are not limited to monitoring all litigation cases.

3. First Franklin has a division entitled "NationPoint." NationPoint has no separate existence other than as a name for a division of First Franklin; it is not a corporation or any other

formal business entity, has no tax identification number and is not registered with any agent for service of process.

4. Based on other documents with which I have been provided that are part of the Court's file in this matter, it is my understanding that service of the summons and complaint in this case was attempted on "NationPoint" by sending the summons and complaint by certified mail, return receipt requested to the offices of NationPoint in California.

5. It is also my understanding that service of the summons and complaint in this case was attempted on Mr. Blake Barsamian by sending the summons and complaint by certified mail, return receipt requested to the offices of NationPoint in California.

6. Jaynita Young signed the return receipt for both pieces of certified mail sent to the offices of NationPoint. However, Ms. Young is not an authorized agent to receive service of process on behalf of NationPoint (as NationPoint is not a legal entity), nor is she an authorized agent to receive service of process on behalf of Mr. Barsamian. She simply signed the return receipts in order to receive what appeared to be routine mail that was addressed to the offices of NationPoint.

7. Mr. Barsamian ceased employment with NationPoint in October 2005, almost two years prior to the attempted service of process. We have not attempted to locate Mr. Barsamian in order to deliver to him the summons and complaint, and on information and belief, he has not been notified of the summons and complaint.

_Vivian Hansen_
Vivian Hansen

01471826.1

2

Sworn to and subscribed before me on this the 11th of July, 2007.

JESSICA L. PALOMBI
Commission # 1519724
Notary Public - California
Alameda County
My Comm. Expires Oct 16, 2008

Notary Public

My Commission Expires: Oct. 16, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following by U.S. Mail, First Class postage pre-paid and properly addressed:

Benjamin M. Bowden
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, AL 36420

_____
OF COUNSEL