**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JEFFREY M. DANIEL and ) <br> KIMBERLY D. DANIEL, ) <br> ) <br>     PLAINTIFFS, ) <br> ) <br> VS. ) <br> ) <br> NATIONPOINT, FIRST FRANKLIN ) <br> FINANCIAL CORPORATION, ) <br> MERRILL LYNCH BANK & TRUST ) <br> COMPANY, and BLAKE BARSAMIAN, ) <br> ) <br>     DEFENDANTS. ) | 2:07-cv-640-WKW |

## **MOTION FOR REMAND**

Comes now the Plaintiffs, by and through counsel, and hereby move this Honorable Court to remand this case to the Circuit Court of Covington County, Alabama. In support of this request, the Plaintiffs say the following:

1. On July 12, 2007, the Defendants filed a "Notice of Removal" (doc. 1), seeking transfer of this suit from the Circuit Court of Covington County, Alabama, on diversity grounds and pursuant to 28 U.S.C. § 1332.

2. The Plaintiffs agree that the citizenship of the parties are diverse for the purposes of removal jurisdiction. The Plaintiffs contest the Defendants' argument and conclusion that the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, as required by statute.

3. It is important to note at the outset that Plaintiffs have pleaded in the *ad damnum* clauses of the complaint damages "not to exceed $74,999.00." While it is encouraging, and even perhaps exciting, that the Defendants have evaluated the case as

being worth more, the fact remains that the Plaintiffs and their counsel are in the best decision to determine the value of the Plaintiffs' case. The 11th Circuit has held that when a complaint specifically requests damages below the jurisdictional amount of the Court, a defendant's burden of proof on removal "must be a heavy one." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). To avoid a remand, the Defendants in this case must establish to a **legal certainty**" that the Plaintiffs, if they prevail, will recover in excess of $75,000.00. *Burns*, 31F. 3d at 1097. The Defendants have failed to meet this heavy burden and the case is due to be remanded.

    4. The Defendants allege three grounds to support removal: (1) A pre-trial demand letter from Plaintiffs' counsel requesting $100,000.00 to settle; (2) A suggestion that the Plaintiffs' damages claims should be aggregated; and (3) Speculation that punitive damages would exceed the jurisdictional amount. None of these grounds form a proper basis for removal.

    5. The existence of a pre-trial demand letter is irrelevant to determining the amount in controversy. The cases cited and relied upon by the Defendants to support removal concern post-suit correspondence. It is clear that the demand letter in question was submitted prior to suit being filed. As such, it should not be considered. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992) and *Negron v. Sears Roebuck and Co.*, 2006 WL 1169697 (M.D. Fla. 2006).

    6. Aggregation of claims is not applicable to this case. This is a concept that arises most often in class-action suits. Furthermore, the conduct complained of in this case concerns one basic transaction. The Plaintiffs allege the Defendants promised to loan them money on certain terms and then failed to follow through on that promise. The

counts alleged in the Complaint are simply different legal theories concerning this same transaction.  Counsel for the Plaintiffs has been unable to locate one case from this Circuit whereby the jurisdictional amount was satisfied by aggregating damages on different counts based on the same set of facts.  That being the case, aggregation of claims does not support federal jurisdiction of this matter.

  7.  The Defendants also argue that Plaintiffs' demand for punitive damages is sufficient to satisfy the amount in controversy requirement.  This assertion by the Defendants is, at best, speculation.  Without proof, it does not form the basis for removal.  *See Moore v. CNA Foundation*, 472 F. Supp.2d 1327, 1331 (M.D. Ala. 2007) ("[The defendant] argues that the jurisdictional requirement is met because Moore has requested punitive damages.  But this argument begs the question of what those punitive damages are likely to be-a question that [the Defendant] bears the burden of answering.")

  8.  The Defendants have failed to prove, to a legal certainty, that the amount in controversy in this case exceeds the jurisdictional amount required for removal.  As such, this matter is due to be remanded to state court.

        Respectfully submitted,

        s/ Benjamin M. Bowden
        Benjamin M. Bowden (BOW035)
        ASB-1909-N43B
        Attorney for Plaintiffs
        Albrittons, Clifton, Alverson,
        Moody & Bowden, P.C.
        Post Office Drawer 880
        Andalusia, Alabama 36420
        Telephone : (334)-222-3177
        Fax:  (334)-222-2696
        E-mail: bbowden@albrittons.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following counsel of record which includes:

Bradley B. Rounsaville
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
Suite 2400, AmSouth/Harbert Plaza
Birmingham, Alabama 35203

                s/ Benjamin M. Bowden
                Of Counsel