IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY M. DANIEL and KIMBERLY D. DANIEL, ) ) ) Plaintiffs, ) ) ) v. ) ) NATIONPOINT, FIRST FRANKLIN ) FINANCIAL CORPORATION, MERRILL ) LYNCH BANK & TRUST COMPANY, ) BLAKE BARSAMIAN, ) ) Defendants. ) | Civil Action No. 2:07-CV-00640-WKU-WC |

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Pursuant to 28 U.S.C. §§ 1331 and 1332, Defendants First Franklin Financial Corporation ("First Franklin"), Nationpoint, and Merrill Lynch Bank & Trust Co., FSB ("MLB&T") (collectively "Defendants") properly removed this case to this Court. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This Court, therefore, should deny Plaintiffs' Motion to Remand.

### ARGUMENT

The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000. In addition to the arguments set forth below, Defendants adopt and incorporate herein the arguments set forth in their Notice of Removal.

**A.  Diversity of Citizenship**

Plaintiffs have conceded that there is complete diversity between Defendants and Plaintiffs. *See* Motion to Remand, at ¶ 2 ("The Plaintiffs agree that the citizenship of the parties are diverse for the purposes of removal jurisdiction.").

### B. The Amount in Controversy Exceeds $75,000

There is no question that the amount in controversy requirement has been met. If Plaintiffs wanted to resolve this question and make it clear that remand was appropriate in this case, they could have simply stipulated that they will not take an award greater than $75,000. But the fact is, Plaintiffs are trying to play fast and loose with the rules by claiming exactly one dollar below the jurisdictional limit--$74,999--in their Complaint, but refusing to limit their recovery to that same amount. Plaintiffs are correct that the standard Defendants must satisfy is a heavy one. *See* Plaintiffs' Motion at ¶3. As set forth below, however, and as previously set forth in Defendants' Notice of Removal, this burden has been satisfied.

#### 1. The Pre-trial Demand is Relevant to This Determination.

As Defendants noted in the Notice of Removal, Plaintiffs made a settlement demand of $100,000—clearly in excess of the jurisdictional amount. This valuation "is valuable evidence to indicate the amount in controversy." *Fairchild v. State Farm Mut. Auto Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995). Plaintiffs attempt to assert that because their demand letter was a pre-trial demand letter, is should not be given any weight.

However, the cases cited by Plaintiffs for this assertion are not on point. The first case, *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), did not involve a question of whether a pre-trial demand was precluded from consideration. Instead, the question involved timely removal. *See id.* at 161. Specifically, the court addressed whether a pre-trial demand was sufficient to begin the time period in which a party has to remove a case. *See id.* at 163. The court limited its holding to the situation in question and specifically refused to address a pre-trial demand in any other context. *See, e.g.*, 164 n.8. Similarly, the second case cited by Plaintiffs—*Negron v. Sears Roebuck and Co.*, 2006 U.S. Dist. LEXIS 25314 (M.D. Fla. 2006)—is not on point. The court in that case did

not state that a pre-trial demand letter could not be considered evidence of the Plaintiffs' valuation of their case; the court merely held that a pre-trial demand letter could not satisfy as an "other paper" under the statute and, *on its own*, satisfy the amount in controversy requirement. *See id.* at *2.

Contrary to Plaintiffs' contention that none of the cases cited by Defendants in their Notice of Removal involved pre-trial demand letters, the *Fairchild* case cited above and in Defendants' Notice is directly on point. In that case, the court specifically found that the settlement letter "dated just 2 ½ months prior to the filing of the state court petition," which valued the case at $110,000 was sufficient evidence to support removal despite Plaintiff's stipulation that the claim was limited to $50,000. *See Fairchild*, 907 F. Supp. at 970-971. Therefore, it is perfectly permissible for this Court to look at Plaintiffs' pre-trial demand as part of the evidence demonstrating that the amount in controversy exceeds the jurisdictional limits.

### 2. Aggregation Further Supports Removal.

As further support that Plaintiffs' claims exceed the jurisdictional amount, in their Notice of Removal Defendants assert that Plaintiffs' claims are properly aggregated when determining the amount in controversy. Plaintiffs—without support—argue that this is inappropriate. Moreover, Plaintiffs do not confirm that they will not seek to recover separately under each and every count in their Complaint. As is set forth in the Notice of Removal, aggregation is appropriate here for purposes of determining the amount in controversy.

### 3. Plaintiffs' Punitive Damages Claims Increase the Amount in Controversy.

Finally, and as noted in the Notice of Removal, Plaintiffs' demand for punitive damages is also properly included in the determination of the amount in controversy. *See, e.g., Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered, unless it is

apparent to a legal certainly that such cannot be recovered.") (citations omitted); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (claims for compensatory and punitive damages should be aggregated to determine jurisdictional amount in controversy).

## CONCLUSION

This civil action could have been filed in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. For the reasons set forth above and in its Notice of Removal that is incorporated by reference, Defendants respectfully request that this Court deny Plaintiffs' Motion to Remand.

This the 31st day of August, 2007.

_____
Bradley B. Rounsaville
Kathryn R. Eldridge
Attorneys for Defendants

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by CM/ECF:

Benjamin M. Bowden
ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

on this the 31st day of August, 2007.

_____
OF COUNSEL