IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY M. DANIEL and KIMBERLY D. DANIEL, | ) ) ) |
| PLAINTIFFS, | ) ) |
| VS. | )    2:07-cv-640-WKW ) |
| NATIONPOINT, FIRST FRANKLIN FINANCIAL CORPORATION, MERRILL LYNCH BANK & TRUST COMPANY, and BLAKE BARSAMIAN, | ) ) ) ) ) |
| DEFENDANTS. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Comes now the Plaintiffs, by and through counsel, and hereby provide this Response to Defendants' Brief in Opposition to Plaintiffs' Motion to Remand:

1. The Eleventh Circuit has stated that the Defendants must establish to a "legal certainty" that the Plaintiffs' damages will exceed $75,000. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). The Defendants have failed to present any evidence to meet this heavy burden. As such, this case is due to be remanded to the Circuit Court of Covington County, Alabama.

2. The Defendants allege that the Plaintiffs are being less than forthright in their pleadings. (doc. 17 – pg 2). In response, Counsel for the Plaintiffs simply point to the following observation from the Court in *Burns*.

> In addition, we are not convinced that Congress finds the result [the Defendant] fears (that it, an amendment for greater damages after the one year deadline for removal) to be bad. . . . Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction.

*Burns*, 31 F.3d 1092, 1097, fn. 1.

3. The Defendants have suggested that the Plaintiffs can resolve this matter by simply stipulating that they will not accept more than $75,000.00. The Defendants are just as capable of stipulating that if a judgment is rendered in this case, they will not pay less than $75,000.00. Instead of the Plaintiffs setting the ceiling, why don't the Defendants set the floor? The point is a rather simple one: The Plaintiffs pleaded below the jurisdictional amount needed to establish federal jurisdiction. The Defendants must prove otherwise. Other than argument and innuendo, they have failed to offer any evidence to the contrary. The Court in *Burns* suggested the following resolution:

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statues are construed narrowly; where plaintiff and defendant clash about jurisdiction, **uncertainties are resolved in favor of remand.**

*Id*. at 1095.

WHEREFORE, for the above-stated reasons, the Plaintiffs hereby move this Honorable Court to remand this case to the Circuit Court of Covington County, Alabama, the forum originally selected by the Plaintiffs.

                                                s/ Benjamin M. Bowden  
                                                Benjamin M. Bowden (BOW035)  
                                                ASB-1909-N43B  
                                                Attorney for Plaintiff  
                                                Albrittons, Clifton, Alverson,  
                                                Moody & Bowden, P.C.  
                                                Post Office Drawer 880  
                                                Andalusia, Alabama 36420  
                                                Telephone : (334)-222-3177  
                                                Fax:  (334)-222-2696  
                                                E-mail: bbowden@albrittons.com

## CERTIFICATE OF SERVICE

      I hereby certify that on September 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the efile.alacourt system which shall send notification of such filing to the following counsel of record which includes:

Bradley B. Rounsaville
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
Suite 2400, AmSouth/Harbert Plaza
Birmingham, Alabama 35203

                                        s/ Benjamin M. Bowden
                                        OF COUNSEL