IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY DANIEL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 2:07-cv-640-WKW |
| ) | (WO) |
| NATIONPOINT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the plaintiffs' Motion for Remand (Doc. # 14). For the reasons set forth below, the Motion for Remand is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiffs Jeffrey and Kimberly Daniel (collectively, the "Daniels") filed a state court action against Nationpoint,[1] First Franklin Financial Corporation, Merrill Lynch Bank & Trust Company, and Blake Barsamian, (collectively, the "defendants") alleging that the defendants wrongfully failed or refused to provide to the Daniels a home loan with 100% financing. In June 2005, the Daniels sought a home loan from the defendants. (Compl. ¶ 7.) On June 7, 2005, Blake Barsamian, an employee of First Franklin Financial Corporation, notified the Daniels that they were approved for a loan that included 100% financing; subsequently, the Daniels received both written and verbal confirmation that there would be 100% financing. (*Id.* ¶¶ 8, 11.) On June 29, 2005, Barsamian informed the Daniels that the

---

[1] Nationpoint has since been dismissed as a party to this action because it is not a legal entity capable of being sued. (Doc. # 13.)

property they were purchasing was deemed rural and they needed to provide a 10% down payment. (*Id.* ¶ 11.) The Daniels could not provide a 10% down payment, and the closing was delayed. (*Id.*. ¶ 13.) The Daniels eventually found financing but at a rate less favorable than the one they had negotiated with the defendants. (*Id.* ¶ 14.)

On January 12, 2006, the Daniels' attorney sent the defendants a demand letter, offering to settle the matter out of court for $100,000. (Notice of Removal Ex. C.) On June 5, 2007, the Daniels filed an action in Alabama state court with claims for fraudulent suppression, fraud, breach of contract, and negligence, and in each count they requested "compensatory and punitive damages as a jury deems reasonable and may award together with interest and cost, not to exceed $74,999.00, exclusive of interest and costs." (Compl. at unnumbered pages 4-6.) The defendants removed the case to federal court on July 12, 2007, and on August 10, 2007, the Daniels filed a motion to remand, which is fully briefed and ready for resolution.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about

jurisdiction, uncertainties are resolved in favor of remand." *Id*.

### III.  DISCUSSION

The plaintiffs contend that there is no diversity jurisdiction because the amount-in-controversy requirement is not met. They argue that because they limited their demand to $74,999.00 in the complaint, the defendants have a burden of proving to a legal certainty that the amount in controversy requirement is met.

Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. To determine the amount in controversy, a court first looks to the amount alleged in the complaint. *Burns*, 31 F.3d at 1095. Because the amount in the *ad damnum* clause here is less than the jurisdictional amount, the defendants must prove to a legal certainty that if the plaintiffs prevail on liability their award would be more than the jurisdictional amount, *i.e.*, $75,000.00. *Id*. The law imposes a heavy burden on a defendant who asks the court to find the plaintiff has understated the value of his claim in his complaint. *Id*. Because the plaintiff's attorney has a duty of candor to the tribunal, his signed pleading containing the damages claim deserves "deference and a presumption of the truth." *Id*.

The defendants have put forth three arguments to support their claim that the amount-in-controversy requirement is satisfied in this case: (1) the Daniels sought a settlement for more than the jurisdictional amount; (2) the Daniels' claims should be aggregated;, and (3) the Daniels seek punitive damages. As explained below, these arguments do not establish

to a legal certainty that if the Daniels prevail they will be awarded more than $75,000.00.

The defendants' first argument is that the Daniels' demand letter seeking settlement of their claims for $100,000 establishes the jurisdictional amount. A settlement letter does not establish to a legal certainty that if the plaintiffs prevailed at trial they would recover more than the jurisdictional amount. *Hogans v. Reynolds*, No. 05-350, 2005 WL 1514070, at *3 n.8 (M.D. Ala. June 24, 2005); *see also Constant v. Int'l House of Pancakes, Inc.*, 487 F. Supp. 2d 1308, 1312 (N.D. Ala. 2007).[2] That the Daniels offered to settle the case for more than $75,000.00 does not establish to a legal certainty that the amount-in-controversy requirement is met.

The defendants' second argument is that the Daniels' claims should be aggregated to determine the total amount in controversy. The Daniels respond that "[t]he counts alleged in the Complaint are simply different legal theories concerning the same transaction." (Mot. Remand ¶ 6.) While the claims of one plaintiff against one defendant are generally aggregated,[3] under Alabama law a plaintiff cannot receive a "double recovery" for what is essentially one viable cause of action. *Deupree v. Butner*, 522 So. 2d 242, 244-45 (Ala.

---

[2] The defendants cite *Fairchild v. State Farm Mut. Auto Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995), to support their claim that a settlement letter is relevant to establishing the value of the claim. However, in *Fairchild* the motion to remand was evaluated under a preponderance standard, not a legal certainty standard, because the plaintiff had not alleged a specific amount of damages. *Id.* at 970.

[3] Although this case does not involve one plaintiff and one defendant, the same analysis applies. The claims of several plaintiffs can be aggregated when they "unite to enforce a single title or right, in which they have a *common and undivided interest*." *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.6 (11th Cir. 2001) (quoting *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 295 (1974)). Additionally, claims against multiple defendants can be aggregated where it is alleged that the defendants are jointly liable. *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961).

1988); *see Hardy v. Jim Walter Homes, Inc.*, No. 06-687, 2007 WL 1889896, at *4 (S.D. Ala. June 28, 2007) ("claims seeking essentially the same recovery under a variety of theories are not to be aggregated."). While a plaintiff can sue for both a breach of contract and a tort arising out of a single transaction, the claims are not aggregated because the plaintiff can recover damages for either but not both. *Combined Servs., Inc. v. Lynn Elecs. Corp.*, 888 F.2d 106, 107 n.4 (11th Cir. 1989); *see Hill v. United Ins. Co. Of Am.*, 998 F. Supp. 1333, 1337 (M.D. Ala. 1998) ("whatever items of damage are compensated for as damage resulting from the breach of contract may not also be compensated for as damages in a tort claim."). The defendants have not responded to the argument that aggregation is inappropriate because the plaintiffs cannot receive a double recovery. *Cf. Spidell v. Midland Credit Mgmt., Inc.*, No. 07-874, 2007 WL 3171380, at *1 (M.D. Ala. Oct. 26, 2007) (refusing to aggregate claims when "[t]here is nothing in the notice to indicate why the damages sought in the two counts are not the same and thus should not be aggregated"). Because the defendants have failed to show that aggregation is proper, they have not carried their burden regarding the amount in controversy.

The defendants' final and weakest argument is that the amount-in-controversy requirement is met because the Daniels seek punitive damages. In their complaint the Daniels "demand judgment against the Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable . . . not to exceed $74,999.00." (Compl. at unnumbered pages 4-6.) A plain and obvious reading of the Daniels' request for $74,999.00

easily establishes that punitive damages are included in the demand.  Moreover, an assertion that the jurisdictional amount in controversy is met because the plaintiff seeks punitive damages "begs the question of what those punitive damages are likely to be - a question that [the defendant] bears the burden of answering."  *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1332 (M.D. Ala. 2007).

The defendants fail to carry their burden of proving to a legal certainty that if the Daniels prevail they will collect more than $75,000.00.

### IV.  CONCLUSION

Accordingly, it is ORDERED that:

1.  Plaintiffs' Motion to Remand (Doc. # 14) is GRANTED.

2.  This case is REMANDED to the Circuit Court of Covington County; and

3.  The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this 19th day of December, 2007.

                        /s/  W. Keith Watkins  
                        UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

# CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).